UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYKEIA T. WRIGHT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PREMIER RECOVERY GROUP, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:18-cv-08449<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TYKEIA T. WRIGHT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PREMIER RECOVERY GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer person over 18 years-of-age residing in Naperville, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant identifies itself as a debt collector, "willing to take accounts that have been returned to the original creditor after first being listed with a different collection agency."[1] Defendant is a corporation organized under the laws of the state of New York with its principal place of business located at 255 Great Arrow, Suite 212A, Buffalo, New York 14207.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff obtained a Meijer credit card through Comenity Bank ("Comenity").

10. Due to financial hardship, Plaintiff fell behind on her regular payments to Comenity, thus incurring debt ("subject debt").

11. Upon information and belief, the unpaid balance of the subject debt is approximately $272.00.

12. On December 6, 2018, Plaintiff received a collection call to her cellular phone, (773) 202-6599, from Defendant.

---

[1] http://www.premiererecoverygroup.com/about-us.html

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6599. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant used the phone number (888) 608-5129 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

15. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activities.

16. Plaintiff was confused as to how Defendant obtained her cellular phone number as she had never provided it with her new phone number.

17. Upon information and belief, Defendant obtained Plaintiff's new cellular phone number through skip-tracing technology.

18. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

19. Plaintiff explained her inability to address the subject debt and asked Defendant if it was willing to enter into a payment plan.

20. Defendant refused Plaintiff's offer to enter into a payment plan and threatened to unilaterally garnish Plaintiff's wages unless Plaintiff addressed the subject debt.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the

distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

#### b. Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e, e(4), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. By threatening to garnish Plaintiff's wages, it gave Plaintiff the

false impression that Defendant had the legal ability to unilaterally garnish Plaintiff's wages in an attempt to coerce Plaintiff into paying the subject debt. Moreover, Defendant's lack of intent to proceed with the legal process of garnishing Plaintiff's wages can be gauged by its failure to initiate a garnishment lawsuit and instead proceed with its coercive attempts to collect from Plaintiff outside of the judicial process.

32. Defendant also violated §1692e and e(10) through its acquisition of Plaintiff's phone number. Plaintiff did not provide Defendant with consent to contact her cellular phone number ending in -6599. Upon information and belief, Defendant used skip-tracing technology to obtain Plaintiff's cellular phone number. Accordingly, Defendant used deceptive means to obtain information and collect upon Plaintiff.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant further violated §1692f when it unfairly and unconscionably threatened to unilaterally garnish Plaintiff's wages. Any reasonable fact finder will conclude that threatening to garnish the wages of a debtor is unfair and unconscionable debt collection behavior, as it is designed to place undue pressure on Plaintiff to address the subject debt.

35. As plead in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff, TYKEIA T. WRIGHT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 26, 2018                                          Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |